NOT RECOMMENDED FOR PUBLICATION
 File Name: 19a0158n.06

 No. 18-3940

 UNITED STATES COURT OF APPEALS
 FOR THE SIXTH CIRCUIT FILED
 Mar 29, 2019
 UNITED STATES OF AMERICA, ) DEBORAH S. HUNT, Clerk
 )
 Plaintiff-Appellee, )
 ) ON APPEAL FROM THE
 v. ) UNITED STATES DISTRICT
 ) COURT FOR THE
 RICARDO VELOZ-ALONZO, ) NORTHERN DISTRICT OF
 ) OHIO
 Defendant-Appellant. )

BEFORE: BOGGS, GIBBONS, and BUSH, Circuit Judges.

 BOGGS, Circuit Judge. Ricardo Veloz-Alonzo pled guilty to reentering the United States

without permission after being deported. See 8 U.S.C. § 1326(a). After he entered his plea, the

Supreme Court decided Pereira v. Sessions, 138 S. Ct. 2105 (2018). In due course, the district

court entered a judgment of conviction. Veloz-Alonzo argues that in light of Pereira, he is innocent

of illegal reentry as a matter of law, so his conviction must be reversed. In his view, because the

Notice to Appear that initiated his 2002 removal proceeding omitted a hearing date and time,

jurisdiction never vested in the immigration court, and his removal order is invalid.

 After briefing in this case concluded, we rejected Veloz-Alonzo’s argument in Santos-

Santos v. Barr, 917 F.3d 486 (6th Cir. 2019). Santos-Santos holds that “[n]o references [in the

Notice to Appear] to the time and place of the hearing are required to vest jurisdiction” in the

immigration court. Id. at 490.

 Accordingly, we AFFIRM the judgment of conviction.